THE PEOPLE OF THE STATE OF NEW YORK ex rel. ALBERT B. VAN VOAST, as an Assessor and Resident Taxpayer of the City of Schenectady, Respondent, v. EDWARD TOWNLEY and Others, as Assessors of the City of Schenectady and as the Majority of the Board of Assessors of the City of Schenectady, Appellants.

Third Department, September 26, 1918.

**Mandamus — application for writ to compel board of assessors to convene — when questions presented purely academic — admission of allegations in answering affidavits.**

Where, after an assessment roll has been filed and notice of grievances given, one of the members of the board of assessors seeks a writ of mandamus to compel the board to convene and examine the reports of a taxpayer, which the other members of the board allege they have fully examined, the questions presented become purely academic.

All allegations in the answering affidavits not denied by the opposing affidavit are deemed admitted, when a peremptory writ of mandamus is asked for.

APPEAL by the defendants, Edward Townley and others, as assessors, from an order of the Supreme Court, made at the Essex Special Term and entered in the office of the clerk of the county of Schenectady on the 31st day of July, 1918, granting a peremptory writ of mandamus.

*Fryer & Lewis* [*Charles G. Fryer* of counsel], for the appellants.

*Albert B. Van Voast*, for the respondent.

LYON, J.:

We think the relator was not entitled to the order that a writ of mandamus issue. He is one of the four members of the board of assessors of the city of Schenectady. Serious differences appear to have arisen between the relator and the other members of the board. He seeks by this writ to compel the board to convene and to examine with him certain figures and reports of the General Electric Company relative to the year 1917, pursuant to chapter 271 of the Laws of 1918, which by that act were to be included in the assessment roll for that year. He alleges in the affidavit which forms the

basis of the proceeding that the appellants have refused to confer with him and to look at the statements and figures submitted by him contained in the report of the company for the year 1917. The appellants specifically deny this allegation, and allege that they have never refused to discuss the matters relating to said assessment with the relator, but on the contrary have fully discussed with him, and have examined the records and proofs submitted by the relator regarding said assessment, and. after said discussion and examination have in good faith fixed the assessment for personal property of the company for the year 1917 at $3,000,000. The statutes of the State require that said assessment shall be completed and said roll filed, and that five days' notice of hearing grievances shall be given. The roll was filed and notice of grievances given for August twelfth to sixteenth. The questions presented by the relator have, therefore, become purely academic. But, furthermore, the relator seeks by this application to require the court to compel the assessors to perform the judicial duty of examining the records and figures submitted by him. This they say they have already done. All allegations in the answering affidavits not denied by the opposing affidavit are deemed admitted when a peremptory writ is asked for. Had the respondent refused to consider the records offered by the relator and the proceeding been instituted within a time which would render a writ of mandamus effective, a different question might be presented.

The order appealed from granting the peremptory writ of mandamus must, therefore, be reversed, with ten dollars costs and printing disbursements.

All concurred.

Order reversed and writ dismissed, with ten dollars costs and disbursements.